Tlie opinion of the Court was delivered by
Bermudez, C. J.
Tbe defendant appeals from a judgment dissolving an injunction taken by him to arrest, for a second time, the seizure and sale of his property, ordered to pay the vendor’s notes sued on.
In Ms first injunction, he claimed that time had been allowed Mm by tbe plaintiff. That injunction having been dissolved, on account of tbe insolvency of Ms surety, he procured another one,,based on the same ground, advancing further, that tlie privilege and mortgage claimed had ceased to exist, owing to a purchase which be averred he had made of the property, from the State, by redeeming it from forfeiture, on payment of taxes due on it by him.
The plaintiff, in answerto the appeal, prays for ten per cent, damages for a frivolous appeal.
' The defendant has failed altogether to substantiate the averment of extension of time granted Mm. Ignoring tbe fact that be swore that the notes had been protested svlien they were not, we think that Ms testimony is exceedingly unsatisfactory. It should have been exceptionally positive and precise. It is entirely deficient. If it prove anything, it is that no time was ever granted him.
. The president and cashier of the Bank, whose testimony was produced contradictorily with the defendant, (whether the interrogatories were crossed or not is immaterial) negative the indulgence vaguely claimed to have been granted. The objection of tlie defendant to *567 that testimony is insignificant. As he had failed to prove the alleged extension, which it was incumbent upon him to do, this evidence was superfluous.
The first ground of the injunction admits an actual indebtedness, as well as the existence of the security guaranteeing payment. It follows that the second ground, that of the extinction of the privilege and mortgage asserted by the plaintiff, is inconsistent and so cannot coexist with it. It is not such as could be, nor was it even averred in the alternative. The former is destructive of the latter.
Were it otherwise, it is devoid of merit.
A mortgagor is, in duty and in honesty, bound to pay the taxes on the property encumbered by him to pay his debt. Should he fail to do so, and the property thereby be forfeited to the State, his redemption of it, in discharging the taxes, does not extinguish the mortgage upon it. The mortgage, which was only dormant, is vivified in favor of the mortgagee. Such tortuous movement, disreputable when accomplished with evil intent, cannot be tolerated by courts of justice, as it would be permitting a debtor to thwart his creditor by an. ill practice. It is niore particularly reprehensible in the case of a vendor seeking payment of the price of sale legitimately due him.
Never has law, still less equity, sanctioned in a purchaser, the keeping to himself of both the property and the purchase money. He should give up the former, or pay the latter.
In such cases the security awakes from slumber; it does not rise from the dead. Won a morte sed a sommo resurgit. 26 A. 718; 27 A. 209; 16 A. 225; 14 A. 587; 30 A. 853; R. C. C. 3282, 3304; Pothier Hyp. ch. iii, § 2 ; Blackwell on Tax Titles, No. 399.
The defendant has clearly abused the equitable remedy of injunction.
The payment of the first note at two years, was gratuitously extended till the 18th of December, 1880, when the second one, that at three years matured. The executory proceedings were brought on March 7th, 1881. Since May 6th, following, by two groundless injunctions, the writ of seizure and sale has been chained, the defendant remaining in possession and the plaintiff kept out of its money, It is time that the writ be let loose.
The plaintiff has asked damages for a frivolous appeal; we think the same should be allowed.
It is, therefore, ordered and decreed, that the judgment appealed from be affirmed, with ten per cent, damages for a frivolous appeal.